

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| WILLIE HAMBERLIN, ET AL. | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO.: 1:05CV41WJG |
| OWENS-ILLINOIS, ET AL. | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| RAY ALSWORTH, ET AL. | PLAINTIFFS |
| VERSUS | |
| SCAPA, ET AL. | DEFENDANTS |

## NOTICE OF REMOVAL

**COMES NOW** Defendant, John Crane Inc., (hereinafter "Removing Defendant") who gives notice that it removes this action from the Circuit Court of Jefferson County, Mississippi, to the United States District Court for the Southern District of Mississippi, and respectfully represent as follows:

### I. INTRODUCTION

This case must be removed to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1441. Plaintiffs' allege injury resulting from exposure to asbestos from Ingalls Shipyard which implicates federal jurisdiction both on the basis of federal question and federal enclave. Actions involving the construction and operation of Ingalls Shipyard facilities fall within the jurisdiction of the federal courts. Further, actions arising from exposure alleged on federal enclave give rise to federal jurisdiction. Each of these independent grounds for federal jurisdiction makes this matter removable to federal court under 28 U.S.C. § 1441.

## II. FACTUAL BACKGROUND

In 2002, plaintiffs filed their first amended complaints in the Circuit Court of Jefferson County, Mississippi. The complaints were given the cause number 2002-86 and 2002-176. On April 4, 2003, the court entered an order consolidating cause number 2002-86 and 2002-176. The complaint now having the cause number 2002-176. This action alleged exposure to asbestos-containing products. None of the complaints allege a federal cause of action.

## III. GROUNDS FOR REMOVAL

### A. Removal Generally: 28 U.S.C. §§ 1441 and 1331

Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the claims of all plaintiffs in this action who pose federal questions. Federal questions exist when a federal law is implicated or a federal enclave is at issue. When such question exist, removal is proper pursuant to 28 U.S.C. §§ 1441(b).

The remaining claims asserted in this action are so related to the federal claims that they form part of the same case or controversy and must follow the removed claims to federal court. By filing these plaintiffs in the same cause of action against these same defendants and making the arguments, plaintiffs have implicitly alleged that each individual plaintiffs claim is related to the others and therefore asserted proper joinder under Miss. R. Civ. P. 20.2. Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

### B. Federal Enclaves

The Federal Enclave Clause of the United States Constitution provides that Congress has exclusive legislative power over "all Places purchases by the consent of the legislature of the State in which the same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards and other needful Buildings." U.S. CONST.Art. 1, § 8, cl. 17.

Pursuant to 28 U.S.C. § 1441(c) this Court has supplemental jurisdiction over the claims of all plaintiffs in this action, because federal question jurisdiction exists for at least one claim arising within a federal enclave.

## IV. CONCLUSION

Federal jurisdiction is properly found in this case; it is removable to federal court. Actions arising from exposure alleged on federal enclaves give rise to federal jurisdiction. Actions involving the construction and operation of Ingalls Shipyard facilities and ships constructed at that facility, fall within the jurisdiction of the federal courts. Due to the assertion of exposure related to work performed at Ingalls Shipyard, federal jurisdiction arises and this matter is removable under 28 U.S.C. § 1441.

**WHEREFORE**, Removing Defendant hereby files **NOTICE** that this case is removed to the United States District Court for the Southern District of Mississippi.

**RESPECTFULLY SUBMITTED**, this the _25_ day of January, 2005.

_____
CAREY R. VARNADO, MSBN #6593
Attorney for John Crane Inc.

Case 1:05-cv-00041-WJG   Document 2   Filed 01/25/05   Page 4 of 4

## **CERTIFICATE**

I, Carey R. Varnado, do hereby certify that I have this day mailed, by United States mail, postage prepaid, a true and correct copy of the foregoing Notice of Removal by John Crane Inc., to the attorneys of record of the filing of said document, and will provide a true and correct copy of such document upon their request.

This, the 25 day of January A.D., 2005.

*/s/ Carey R. Varnado*
CAREY R. VARNADO

MONTAGUE, PITTMAN & VARNADO
P.O. Drawer 1975
Hattiesburg, MS  39403-1975
(601) 544-1234
FAX:  (601) 544-1276